## Case No. 12,470.

### SCHNEIDER v. LAWRENCE.

[3 Blatchf. 115.] [1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—ACT 1842—ROCOA—ANNATTO—NON-ENUMERATED ARTICLES.

1. Rocoa and annatto being articles derived from the seed of a vegetable, rocoa being the product of the seed in a crushed state, and annatto being an article made from the seed and mixed with other substances, and the articles being known in commerce by distinct names, and devoted to different uses, except that annatto, though chiefly used for culinary purposes, is occasionally employed in dyeing, while that is the only use to which rocoa is put, *held*, that rocoa cannot properly be subjected to duties as annatto, under article 4, § 8, of the tariff act of August 30, 1842 (5 Stat. 559), because it had acquired in commerce the name of rocoa, and was bought and sold in trade under that name alone, before the act of 1842.

2. Under that act, rocoa is not free from duty, under that name, nor as being a berry or vegetable "used principally in dyeing or composing dyes," under article 6, § 9, of said act (5 Stat. 561), exemption applying to the berries or vegetables in their native state, and not after they are transmuted, by manufacture, into a substance which takes a different denomination in commerce.

3. Under that act, rocoa is a non-enumerated article, and is subject to a duty of 20 per cent., under section 10.

This was an action brought in the supreme court of New York, to recover back duties imposed by [Cornelius W. Lawrence] the collector of the port of New York on an importation of rocoa. The case was removed into this court by certiorari. The facts were these: On the 27th of December, 1845, the plaintiff [Charles W. Schneider] entered at the custom-house twenty-nine casks of rocoa, imported from Bordeaux, and claimed the right to enter it free of duty, under article 6, § 9, of the tariff act of August 30, 1842 (5 Stat. 561), as falling within the denomination of "berries, nuts, and vegetables, used principally in dyeing or composing dyes." The defendant caused a duty of 20 per cent. to be imposed on it, under article 4, § 8, of the same act (5 Stat. 559), as being "annatto." The proofs showed, that both articles were derived from the seed of a vegetable grown in South America, rocoa being the product of the seed in a crushed state, and annatto being an article made from the seed in some manner known only to the natives, and mixed with other substances, and that the articles were known in trade and commerce by distinct names, and were devoted to different uses, except that annatto, though

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

chiefly used for culinary purposes, was occasionally employed in dyeing, while that was the only use to which rocoa was put.

THE COURT held: 1. That the article was improperly rated as annatto at the custom-house, and subjected to duties under that name, because it had acquired in commerce the name of rocoa, and was bought and sold in trade under that name alone, before the passage of the act of 1842.

2. That the plaintiff was not entitled to enter the article as free, under the name of rocoa, nor as being a berry or vegetable "used principally in dyeing or composing dyes," that exemption applying to the berries or vegetables in their native state, and not after they are transmuted, by manufacture, into a substance which takes a different denomination in trade and commerce.

3. That rocoa was a non-enumerated article in the tariff act of 1842, and was subject to duty under section 10, and that, that duty being 20 per cent., the same that was charged upon the article, the plaintiff could not maintain this action—no more than the legal duty having been exacted by the defendant.

Judgment for defendant.